Goddard<br>*v.*<br>Johnson.

*Oct. 7th.*

---

## AARON THOMAS *versus* PHINEAS DAVIS.

Assumpsit on the following writing, signed by the defendant and addressed to the plaintiff: "July 4, 1818. Sir, My son F wishes to have you lend him about $ 180. If you will let him have it, when you find his security not good, please to notify me, and I will account to you for the same." About July 4, 1818, the plaintiff lent to F $188, and received his promissory note payable on demand with interest. On January 12, 1829, F failed, and mortgaged his property to the defendant, to secure a demand due to him from F. Subsequently the defendant, without receiving any portion of his demand, released the property for the benefit of the other creditors of F. The interest on the promissory note was paid until 1830, when a part of the principal was paid and a new note was given by F for the balance. On December 4, 1832, the plaintiff notified to the defendant, that the security of F was not good, and requested him to pay the amount remaining due on the new note ; the plaintiff having never given notice to the defendant of the existence of this debt, previously to that time. It was *held*, that the defendant was discharged from his liability on the writing signed by him.

ASSUMPSIT. Upon a case stated it appeared, that the action was brought on the following writing, which was addressed to the plaintiff: " Northborough, July 4th, 1818. Sir, My son Francis wishes to have you lend him about one hundred and eighty dollars. If you will let him have it, when you find his security not good, please to notify me, and I will account to you for the same. Phineas Davis." About July 4, 1818, the plaintiff lent to Francis the sum of $188, and received his promissory note for that amount, payable on demand with

30 *

interest, but dated February 16, 1818. Francis carried on an extensive business in West Boylston, where the plaintiff resided, and remained in good credit until January 12, 1829, when he failed and mortgaged his real and personal estate to the defendant and Isaac Davis, to secure their claims against him, to the amount of between $4000 and $5000. The failure of Francis was known to both the parties to this action at the time when it occurred. The defendant and Isaac Davis subsequently, without receiving any part of their claims, released the mortgaged property for the benefit of the other creditors of Francis. The interest on the promissory note was paid from time to time until the year 1830, but none of the principal was paid. On March 19, 1830, the plaintiff and Francis made a settlement of their mutual demands, excepting therefrom the promissory note, and a balance of $20·32 was found to be due from the plaintiff, which sum was deducted from the note, and a new note for the balance, $167·68, payable on demand with interest, dated February 16, 1818, was substituted for the original note ; and interest was indorsed on the new note up to March 19, 1830. Some small payments on it were subsequently made. On December 4, 1832, the plaintiff notified to the defendant, that the security of Francis was not good, and requested him to pay the amount due on the new note ; and there was no evidence that the plaintiff had ever notified to the defendant the existence of the debt previously to that time. The defendant lived about fourteen miles from the residence of the plaintiff.

It was also admitted, if the Court should deem evidence o it to be competent, that the plaintiff, on December 20, 1819, lent to Francis $100, which had been since paid.

If the Court should be of opinion, that this action could be maintained, then judgment was to be rendered for the plaintiff, for the amount of the new note, $167·68, with interest and costs ; otherwise the plaintiff was to become nonsuit and the defendant to recover his costs.

*Oct 7th.*     *C. Allen,* for the plaintiff, cited *Hunt* v. *Bridgham,* 2 Pick. 581 ; *Frye* v. *Barker,* 4 Pick. 382.

*Isaac Davis,* for the defendant, cited *Stafford* v. *Low,* 16 Johns. R. 67 ; *Beekman* v. *Hale,* 17 Johns. R. 134 ; *Lanuse*

v. *Barker*, 3 Wheat. 148, note ; *M'Iver* v. *Richardson*, 1 Maule & Selw. 557 ; *Russell* v. *Clark*, 7 Cranch, 69 ; *Oxford Bank* v. *Haynes*, 8 Pick. 423 ; *Gibbs* v. *Cannon*, 9 Serg. & R. 202 ; *Philips* v. *Aston*, 2 Taunt. 206 ; *Bank of New York* v. *Livingston*, 2 Johns. Cas. 410 ; *People* v. *Jansen*, 7 Johns. R. 332 ; *Law* v. *The East India Company*, 4 Ves. 833 ; *Codman* v. *Rogers*, 10 Pick. 112 ; *Duval* v. *Trask*, 12 Mass. R. 154.

WILDE J. delivered the opinion of the Court. Independently of the question of usury, it is very clear that this action cannot be maintained. After the failure of Francis Davis, the defendant was entitled to seasonable notice, that the plaintiff looked to him for payment. If this notice had been given, the defendant had ample means of indemnity out of the property assigned to him and Isaac Davis by Francis. This property has been since released for the benefit of other creditors of Francis, of whom the plaintiff is one. It was more than fourteen years after the loan to Francis, before the plaintiff gave any notice to the defendant, that he did not consider his security good, and it was nearly three years after Francis's failure. In the mean time the plaintiff received the interest from year to year, and a part of the principal, taking a new note for the balance. These facts show gross negligence on the part of the plaintiff, if he meant to call on the defendant for payment, and are abundantly sufficient in law to discharge the defendant from his conditional liability.

*Plaintiff nonsuit.*